UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| ANGELA MENNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00178-TWP-DML |
| | ) | |
| LAWRENCE COUNTY SHERIFF'S DEPARTMENT, et al. | ) ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Dismissing Insufficient Claims**

Plaintiff Angela Menna filed this wrongful death action on behalf of the estate of Reno Riggle, who at the time of his death was a pretrial detainee in the Lawrence County Jail in Bedford, Indiana. The action was filed by counsel, and the filing fee has been paid. The Court shall screen the complaint under its inherent authority to do so. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

**I. Screening Standard**

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. The Complaint

The complaint names as defendants (1) The Lawrence County Sheriff's Department, (2) Mike Branham (in his official capacity), (3) Travis Sanders (in his official capacity), (4) Michael Ramos (in his individual and official capacities), (5) William Miller (in his individual and official capacities), (6) Michael Roll (in his individual and official capacities), (7) Jane Doe and John Doe jail officers (in their individual and official capacities), and (8) Advanced Correctional Healthcare, Inc.

The complaint alleges that on the night of October 19, 2017, or early morning of October 20, 2017, Mr. Reno died in the Lawrence County Jail following symptoms of alcohol withdrawal and delirium tremens.

The complaint alleges that defendants Ramos, Roll, and Miller, along with unknown John and Jane Doe jail officials, observed Mr. Reno suffering from these symptoms but failed to seek medical help.

The complaint alleges that defendants Branham, Sanders, and the Lawrence County Sheriff's Department failed to properly staff the Lawrence County Jail and train jail officials to monitor the safety and wellbeing of individuals in jail custody.

The complaint alleges that no medical provider from defendant Advanced Correctional Healthcare, Inc., checked on Mr. Reno from 10:30 a.m. on October 19, 2017, until 12:05 a.m. on October 20, 2017.

The complaint alleges that Ramos, Roll, Miller, and the John and Jane Doe jail officials were deliberately indifferent to his serious medical need in violation of the Fourteenth

Amendment. The complaint alleges that Branham and Sanders were deliberately indifferent for failing to properly staff and train the Lawrence County Jail in violation of the Fourteenth Amendment. Finally, the complaint alleges a state-law negligence claim against all defendants.

The plaintiff seeks compensatory and punitive damages.

### III. Discussion

All claims against unknown John Doe and Jane Doe defendants are **dismissed** for failure to state a claim upon which relief can be granted because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back ... nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed or "John Doe" defendants in federal court is generally disfavored by the Seventh Circuit. *Strauss v. City of Chicago*, 760 F.2d 765, 770 n.6 (7th Cir. 1985). If the plaintiff learns the name of the unknown defendants, she may seek leave to add claims against them.

All other claims **shall proceed** as presented.

The **clerk is directed** terminate John Doe and Jane Doe as defendants on the docket.

Nothing in this Order prohibits the plaintiff from filing an amended complaint or any defendant from filing a motion to dismiss.

**IT IS SO ORDERED.**

Date: 8/27/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Laura Walker Swafford
WAGNER REESE, LLP
lswafford@wagnerreese.com

Stephen M. Wagner
WAGNER REESE, LLP
swagner@wagnerreese.com